UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AVEION CASON and<br>DONALD VINCENT MAJKOWSKI,<br>in their individual capacity and on<br>behalf of others similarly situated,<br><br>    *Plaintiffs*<br><br>    v.<br><br>NATIONAL FOOTBALL LEAGUE<br>PLAYERS ASSOCIATION, BERT<br>BELL/PETE ROZELLE NFL<br>PLAYER RETIREMENT PLAN BOARD,<br>NFL PLAYER DISABILITY AND<br>NEUROCOGNITIVE BENEFIT PLAN<br>BOARD, and NATIONAL FOOTBALL<br>LEAGUE MANAGEMENT COUNCIL<br><br>    *Defendants* | No. 20-cv-01875<br><br>**PLAINTIFFS' UNOPPOSED MOTION<br>FOR CLARIFICATION** |

Plaintiffs, by and through undersigned counsel, respectfully request that the Court clarify both whether the Court intended to enter judgment in this case and whether the Court's Order granting Defendants' motions to dismiss is intended to operate as the judgment in this case. If, as Plaintiffs understand, the Court does intend to enter judgment, Plaintiffs request that the Court enter judgment in a separate document according to Rule 58(a) to provide certainty regarding the parties' deadlines to appeal or seek attorneys fees.

**Statement of Points and Authorities**

The Court granted Defendants' motion to dismiss Plaintiffs' Complaint on May 7, 2021. Dkt. No. 44. The Court's Order stated that it is "a final, appealable order" and requested the Clerk of Court to close the case.

Every judgment must be set out in a specific document (except in limited circumstances not relevant here). Fed. R. Civ. P. 58(a). When "the court denies all relief," the clerk must promptly prepare, sign, and enter the judgment without awaiting the Court's direction. Fed. R. Civ. P. 58(b)(1). To date, no separate judgment has entered. Plaintiffs understand that the Court denied all relief through its Order granting Defendants motions to dismiss and that it intends judgment to enter for the Defendants, and asks the Court to clarify that this is so or to correct Plaintiffs' understanding.

The date of judgment is the basis on which deadlines are calculated for any motion for attorneys' fees or notice of appeal. *See* Fed. R. Civ. P. 54(d)(2)(B)(i); Fed. R. App. P. 4(a)(1)(A); *see* Fed. R. Civ. P. 58(c)(2) (judgment deemed entered 150 days following docket entry triggering requirement to enter judgment unless set out in separate document). Assuming Plaintiffs are correct that the Court intends to enter judgment for the Defendants, such judgment should be set out in a separate document, and Plaintiffs thus ask that the Court enter judgment in a separate document. This will provide the parties with clarity and certainty regarding these important deadlines.

Plaintiff discussed this motion with opposing counsel in a good-faith effort to determine whether there was any opposition to the relief sought. Defendants do not oppose the relief sought by this motion.

## Conclusion

Plaintiffs therefore respectfully request that the Court clarify the status of judgment in this case and enter judgment in a separate document according to Rule 58(a) to provide certainty with respect to pending case deadlines.

Dated May 19, 2021



R. Joseph Barton (D.C. Bar No. 476510)
Colin M. Downes (D.C. Bar No. 1048761)
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Telephone: (202) 734-7046
Email: jbarton@blockleviton.com
Email: colin@blockleviton.com

James A. Walcheske
Scott S. Luzi
Paul M. Secunda
*Appearing Pro hac vice*
WALCHESKE & LUZI, LLC
235 N. Executive Dr., Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: psecunda@walcheskeluzi.com

Ray Genco
*Appearing Pro hac vice*
GENCO LAW FIRM
177 Huntington Ave
Boston, MA 02115
Telephone: (561) 614-4256
Email: ray@gencolaw.com

*Counsel for Plaintiffs*

3